WENTWORTH, Judge,
concurring specially.
Although affirmance appears to me to be proper for other reasons stated by the deputy, I do not believe we can approve his conclusion that § 440.02(2)(d)b, Florida Statutes, can be disregarded in this case merely because the evidence otherwise shows independent contractor status. The majority correctly states that independent contractors under the statute “include, but are not limited to, those individuals described in subparagraphs a and b.” It does not follow, however, that those paragraphs do not control the individuals described. We cannot, under ordinary rules of statutory construction, simply nullify or disregard the plain requirement of the statute that the specified performers in licensed premises are to be included in the classification of independent contractors only “provided that a written contract evidencing an independent contractor relationship is entered into prior to the commencement of such entertainment.” (e.s.) The appellee employer, Casablanca Restaurant, does not controvert its licensed premises status.
Based on evidence of trade custom in general, and the parties’ understanding in particular, as to resumption or extension of performance dates under an initial written contract, without any variation of terms other than time, the deputy found:
*954 Since Section 440.02(2)(d)l.b. indicates that a written contract must be ‘entered into’ prior to the commencement of the entertainment, 'not that such a written contract must be in effect at the time of the entertainment resulting in the injury, I find as a matter of law that the written contract entered into by Side by Side and Casablanca on January 25, 1982 fulfills the written contract requirement of Section 440.02(2)(d)l.b.
That application of the statutory terms seems to me to be fair and permissible. The contract terms plainly described an independent contractor relationship, and dismissal of the claim is properly affirmed.